UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Doe JS,

       Plaintiff,

v.

Fr. Francis Markey, Saint John of God Hospital,
Hospitaller Order of Saint John of God, Our
Lady of Victory a/k/a Our Lady of Victory
Trust, Servants of the Paraclete a/k/a Servants
of the Paraclete Generalate: A New Mexico
Corporation a/k/a Servants of the Paraclete:
A New Mexico Corporation, Diocese of
Clogher, and Diocese of New Ulm,

       Defendants.

Civil No. 11-60 (JNE/TNL)
ORDER

      This is an action for fraud and conspiracy to defraud brought by John Doe JS against Fr. Francis Markey, Saint John of God Hospital, Hospitaller Order of Saint John of God, Our Lady of Victory, Servants of the Paraclete, Diocese of Clogher, and Diocese of New Ulm. John Doe JS alleged that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (2006) (amended 2011). In an Order dated December 12, 2011, the Court noted that John Doe JS had not alleged the citizenships of all parties and that he had neither sought nor obtained leave to proceed anonymously. The Court granted him seven days to redress the deficiencies in his jurisdictional allegations and to move to proceed anonymously. John Doe JS did not respond to the December 12 Order.

      "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). As the party asserting jurisdiction, John Doe JS bears the burden of establishing the citizenships of all

1

parties.  *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).  For the reasons set forth in the December 12 Order, John Doe JS failed to allege the citizenships of all parties.  Consequently, John Doe JS has not satisfied his burden of establishing subject matter jurisdiction.  The Court dismisses this action for lack of subject matter jurisdiction.

In addition, John Doe JS's failure to obtain leave to proceed anonymously is cause for dismissal.  When he brought this action, John Doe JS neither sought nor obtained leave to proceed anonymously.  On December 12, the Court granted him seven days to move to proceed anonymously.  He failed to do so.  Consequently, dismissal is appropriate.  *See* Fed. R. Civ. P. 10(a) (stating that "[t]he title of the complaint must name all the parties"); *Doe v. Megless*, 654 F.3d 404, 406 (3d Cir. 2011) (affirming district court's dismissal of action in which plaintiff failed to proceed using real name after denial of his motion to proceed anonymously); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (stating that a party who "wishes to file a case anonymously or under a pseudonym . . . must first petition the district court for permission to do so"; that permission, if granted, is often subject to "the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter"; and that "[w]here no permission is granted, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them'"); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[W]e would be remiss if we failed to point out that the privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object."); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (stating that "there is a judicial duty to inquire into the circumstances of particular cases to determine whether" a party may proceed anonymously).

Finally, the Court observes that one of the defendants filed a motion to dismiss for lack of jurisdiction [Docket No. 42]. This Order does not constitute a ruling on that motion. The defendant moved to dismiss for lack of personal jurisdiction, and motion practice related to that motion has taken place before the magistrate judge. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). The Court alerted John Doe JS to deficiencies in his jurisdictional allegations, afforded him an opportunity to redress them, and received no response. Accordingly, the Court dismisses this action. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. This action is DISMISSED for lack of subject matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 21, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge